### BRONX BOROUGH BANK v. GARMAN et al.

(Supreme Court, Appellate Term. May 9, 1912.)

BILLS AND NOTES (§ 238*)—DEFENSES—ACCOMMODATION NOTE.

> That a note was given for the accommodation of the plaintiff, and that the proceeds were used by the defendants at the plaintiff's request to pay for improvements upon premises belonging to the plaintiff, though held by it in the name of an, agent, were good defenses to an action upon the note.

> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 565, 566; Dec. Dig. § 238.*]

Appeal from City Court of New York, Trial Term.

Action by the Bronx Borough Bank against David Garman and another, impleaded with John Rendall. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued April Term, 1912, before SEABURY, GUY, and GERARD, JJ.

Abraham Greenberg, of New York City (Henry W. Unger, of New York City, of counsel), for appellants.

John H. Rogan, of New York City, for respondent.

PER CURIAM. This action is brought upon a note made by defendant Rendall and indorsed by the appellants. The answer admits the indorsing of the note by the appellants, but denies that the maker of the note delivered it for value to these appellants, and denies the allegation of the complaint that these appellants, after indorsing the note, "for value received from this plaintiff, duly delivered said promissory note so indorsed to this plaintiff, who then became and ever since continued to be and is now the lawful owner and holder thereof." As further separate defenses, the answer alleges:

"1. That the note itself and the indorsement by these appellants was for the accommodation of the plaintiff, and that no value or consideration therefor passed to these appellants.

"2. That the plaintiff and its president were interested in certain real estate in the Bronx, upon which premises were then in the course of construc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion by the maker of the note, Rendall, who was the agent and dummy of the plaintiff, and in whose name the title stood; that sums were due and owing to persons other than these appellants for work, labor, and material upon such premises; and that at the request of the plaintiff, and to enable the payment of the said moneys, and for the accommodation of the plaintiff and its said president, the note was made by Rendall and indorsed by these defendants, who, at the request of the plaintiff, did then and there apply the entire amount of said note and the proceeds thereof and said credit to the payment of the aforesaid sums so as aforesaid due, owing,. and unpaid for work, labor, and materials furnished to and upon the said premises."

These defenses, if established by competent proof, would have made out a good defense to the action. While it is possible that, on the trial, the proof offered by the appellants might fall short of establishing the facts set forth in these separate defenses, they must, for the purposes of this appeal, be deemed to have been proved, and, though the court below might properly have refused to entertain an offer of proof, the offer having been entertained, the ruling thereon, which in effect excluded all evidence as to the matters set forth in the two separate defenses, was erroneous, and makes the reversal of the judgment necessary.

The judgment is therefore reversed, and a new trial ordered, with costs to appellants to abide the event.